IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SILIAIVAOESE FUIMAONA,

                      **Petitioner,**

        **v.**                            **CASE NO. 20-3218-JWL**

D (FNU) HUDSON, WARDEN,
USP-Leavenworth,

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the USP-Leavenworth, proceeds pro se. He seeks credit on his federal sentence for time served on a prior Missouri state criminal sentence. For the reasons set forth, the court concludes petitioner's sentence was calculated properly and that he is not entitled to relief.

### Background

In July 2014, petitioner was sentenced to concurrent terms of five years in the Circuit Court of Jackson County, Missouri, for the offenses of possession of a controlled substance and burglary and theft/stealing. He received credit for time served.

On October 14, 2015, an indictment in the United States District Court for the Western District of Missouri charged petitioner with conspiracy to distribute methamphetamine. On October 19, 2015, he was taken into custody on a writ of habeas corpus ad prosequendum. He was returned to Missouri custody on March 31, 2016.

Petitioner was transferred to federal custody on December 19, 2016. On January 18, 2017, he entered a guilty plea to Count 1 of the

federal indictment. He was returned to state custody on February 7, 2017, and on March 27, 2017, he was released to parole. He was returned to federal custody on the same day.

On May 25, 2017, petitioner was sentenced to a federal term of 144 months, concurrent with his state sentences.

The federal Bureau of Prisons (BOP) awarded 65 days of federal jail credit from February 6, 2014, through February 12, 2014, and from March 28, 2017, through May 24, 2017.

### Standard of Review

A petition under 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). This remedy extends to challenges to the computation of an applicant's sentence. *See Atkins v. Garcia*, 816 F. Supp. 2d 1108, 1110-13 (D. Colo. 2011). Relief under § 2241 is proper only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### Analysis

The BOP is responsible for the calculation of a federal prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992)("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.")(citing 18 U.S.C. § 3621(a)).

A federal prisoner's sentence begins on the day the prisoner either is received in custody for transport or arrives voluntarily at the designated correctional institution. 18 U.S.C. § 3585(a). *See*

*Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006)("A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.").

Prior custody credit is determined under 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Therefore, if the BOP applies presentence credit to a state sentence, it cannot apply that credit to a concurrent federal sentence.

Petitioner's federal sentence commenced on May 25, 2017, the day it was imposed. Because petitioner had been released from Missouri state prison on March 27, 2017, the BOP gave him credit for the days he was in federal custody. This period included seven days jail credit from February 2014 that had not been credited elsewhere and the time between his release from Missouri custody and the commencement of his current federal sentence.

The United States Sentencing Guidelines provide that if another term of imprisonment arose from an offense that is relevant conduct to the present offense and conviction, the sentence for the present offense shall be imposed as follows:

> (1)  The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such

period of imprisonment will not be credited to the
federal sentence by the Bureau of Prisons; and
(2)   The sentence for the instant offense shall be imposed
to run concurrently to the remainder of the
undischarged term of imprisonment.

U.S.S.G. § 5G1.3.

This provision does not allow any additional credit on
petitioner's federal term because at the time his federal sentence
was imposed, he had been released from prison on the Missouri state
sentence and, in effect, there was no "undischarged term of
imprisonment". *See Isles v. Chester*, No. 08-3028-RDR, 2009 WL 1010553,
at *5 (D. Kan. Apr. 15, 2009)("Concurrent sentences normally mean that
the sentence being imposed will run concurrently with the undischarged
portion of a previously imposed sentence.") (citing *Shelvy v.
Whitfield,* 718 F.2d 441, 444 (D.C.Cir.1988) "[A] federal sentence
made concurrent with a sentence already being served does not operate
in a 'fully concurrent' manner. Rather, the second sentence runs
together with the remainder of the one then being served.")).

Finally, the BOP has a mechanism that allows a prisoner to request
the designation of a state institution for service of a concurrent
federal sentence. Under BOP Program Statement 5160.05, the BOP may
designate a state institution for concurrent service of a federal
sentence, and a prisoner also "may request a nunc pro tunc designation"
of the state institution as the place of confinement. However, because
petitioner was released from his state sentence before his federal
sentence was imposed, the BOP could not make such a designation.

**Conclusion**

For the reasons set forth, the Court concludes the BOP properly calculated petitioner's sentence and he is not entitled to relief.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:   This 7th day of December, 2020, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. Senior District Judge